SUMMARY ORDER

Petitioner, Hassana Diallo, a native and citizen of Guinea, seeks review of an October 23, 2008 order of the BIA affirming the January 8, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFonzo denying Diallo’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Diallo, No. A96 241 913 (B.I.A. Oct. 23, 2008), aff'g No. A96 241 913 (Immig. Ct. N.Y. City Jan. 8, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. See Corovic, 519 F.3d at 95. Diallo does not challenge before this Court the IJ’s findings that: (1) his testimony was inconsistent regarding his actions following the 1998 election results; (2) his repeatedly unresponsive testimony undermined his credibility; and (3) his failure to provide corroborating evidence from his father was prejudicial to his credibility. Therefore, we deem any challenge to those findings waived, see Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005), and they stand as valid bases for the IJ’s adverse credibility determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008).
Additionally, the IJ properly relied on the credibility findings that Diallo does challenge. As the IJ found, while Diallo testified that he was only beaten once during his first detention on the day that he was arrested, his application indicates that he “was tortured on ... many occasions” and on “many occasions kicked by officers.” Similarly, while Diallo testified that police tied him up, hung him upside down, and beat him at his home before taking him to jail when they arrested him a second time, his asylum application indicates that this mistreatment occurred at the prison. Contrary to Diallo’s assertion that this discrepancy is too minor to undermine his credibility, it calls into question whether the second arrest and related mistreatment occurred at all. Cf. Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000). The IJ also properly relied on the omission from Diallo’s wife’s letter of any mention of his second arrest because it involved a central element of his claim. See Singh v. BIA, 438 F.3d 145, 148 (2d Cir.2006) (per curiam); cf. Secaida-Rosales v. INS, 331 F.3d 297, 307-09 (2d Cir.2003) (concluding that even where an omission is material, the “failure to mention one aspect of the story [of a specific event] cannot suffice to render [the petitioner’s] testimony as a whole incredible”).[2]
The IJ also found implausible Diallo’s testimony that after he escaped from prison, he hid at home. Contrary to Diallo’s argument, no evidence of coordination be *698 tween prison officials and local police was required for the IJ to conclude that it was implausible that Diallo, who claimed to be fleeing persecution, would place himself in a situation where officials might seek him again — hiding in the same location where police had twice arrested him. See Wensheng Yan v. Mukasey, 509 F.3d 63, 68 n. 2 (2d Cir.2007); see also Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007) (ruling that “[t]he speculation that inheres in inference is not ‘bald’ if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience”).
Because substantial evidence supports the IJ’s adverse credibility determination, success is necessarily precluded on Diallo’s claims for asylum and withholding of removal because the only evidence that he was likely to be persecuted depended upon his credibility. See Paul v. Gonzales, 444 F.3d 148,156 (2d Cir.2006). Because Dial-lo failed to challenge the IJ’s denial of CAT relief either before the BIA or this Court, we deem any such challenge abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n.6 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED.

. The REAL ID Act of 2005 abrogated this Court's holding in Secaida-Rosales that a discrepancy must be "substantial” when measured against the record as a whole. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). However, the credibility provisions of the REAL ID Act apply only to asylum applications filed after May 11, 2005. Diallo filed his application prior to that date.